**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALBERT JEFFERSON,**

        **Plaintiff,**

**vs.**                                                  **4:03CV349-SPM/AK**

**JAMES WILLIAMS, et al,**

        **Defendants .**

        _____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that he bit down on a rock while eating at Wakulla Correctional Institution and damaged his gold crown. (Doc. 15). He names James Williams and Aramark Company as Defendants. According to Plaintiff, Williams is the Food Service Director and Aramark is, apparently, the food service company that employs Williams. Plaintiff was advised by Order dated April 9, 2004, that he had failed to state a claim for relief because he sought repair of his gold crown and neither Defendant would be liable for Plaintiff's dental care. Plaintiff was also advised that unless he could show that Williams maliciously placed the rock in his

food, there was no liability for this incident.  Further, Plaintiff did not allege that he suffered any physical injury from failing to have his gold crown repaired.

Plaintiff has filed a second amended complaint re-alleging the claims asserted in his two previous complaints, and adding that DOC policy is not to replace gold crowns and that is why he believes the named Defendants should replace it.  He asserts that Defendant Williams had been warned about food cleanliness and he "neglected his responsibility to make sure no rocks [were] in the food...." (Doc. 15, p.7).  Plaintiff names Williams because he is director of food services and supervises food preparation.  He names Aramark because this company is Williams employer.

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's

complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

Plaintiff's complaint must fail for a number of reasons. First, he admittedly names both defendants because of their supervisory authority. Supervisory personnel cannot be held vicariously liable for the actions of their subordinates, but may be independently liable if a reasonable person in the supervisor's position would have known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993). Although Plaintiff asserts generally that Defendant Williams was warned about food cleanliness, he provides no details about how this information was given, when or why, and does not assert that he told Williams specifically about rocks being in his food. His only assertion against Aramark is that the company hired Williams and had received numerous complaints about its food. In the opinion of the undersigned, this does not constitute sufficient knowledge of a serious risk of harm, so as to constitute deliberate indifference to a health or safety risk. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11 Cir. 1995) (elements of deliberate indifference include (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) causation). Plaintiff was advised of the law governing the types of claims he purported to make and has been given three attempts to file a viable complaint. He has provided sufficient facts (finally) in the second amended complaint to apprise the undersigned of the claims he wishes to assert and they are not viable under section 1983 and should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 15, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**IN CHAMBERS** at Gainesville, Florida, this **19th** day of July, 2005.


s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.